**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA CONCEPSION SANCHEZ DE OROZCO, a.k.a. Concepcion Sanchez-Rivera, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70813 <br><br> Agency No. A077-463-527 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Maria Concepsion Sanchez De Orozco, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006), and review de novo claims of constitutional violations in immigration proceedings, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's determination that Sanchez De Orozco did not meet the continuous physical presence requirement where the record includes a Notice and Order of Expedited Removal as well as other government documents corroborating the expedited removal. *See Juarez-Ramos v. Gonzales*, 485 F.3d 509, 511 (9th Cir. 2007) (expedited removal order interrupts an alien's continuous physical presence for cancellation purposes).

Sanchez De Orozco's due process claim fails because the IJ properly denied her cancellation application on the basis that she failed to establish the requisite continuous physical presence. *See* 8 U.S.C. § 1229b(b)(1)(A); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**